**Victor McDAVIS, Petitioner,**

v.

**Elizabeth NEAL, Warden, Multi–Purpose Criminal Justice Facility, Respondent.**

Superior Court of Delaware, New Castle County.

Submitted: April 25, 1991.
Decided: April 25, 1991.

Eugene J. Maurer, Jr., Wilmington, for petitioner.

James B. Ropp, Deputy Atty. Gen., for respondent.

## OPINION

GEBELEIN, Judge.

This case comes before the Court on a Petition for a Writ of Habeas Corpus under 10 *Del.C.* § 6903. Petitioner was committed under a sentence imposed by the Court of Common Pleas on April 17, 1991 for contempt of court.

The incident giving rise to the conviction occurred during and after a preliminary hearing in that court. At the conclusion of the hearing, chanting and shouting broke out and a group of six to ten individuals began to march out of the courtroom. In a prompt response to this disorder, the trial judge directed a bailiff to restrain the most vocal demonstrator. The bailiff removed the demonstrator from the courtroom and was followed by the crowd still chanting. An incident occurred outside the courtroom, wherein petitioner is alleged to have attempted to restrain the bailiff by placing his arms around the bailiff's throat. The petitioner and the other demonstrators were returned later that day to the court and found to be in contempt of court. Petitioner was sentenced to thirty days incarceration.

A hearing was held on petitioner's application on April 25, 1991. This is the Court's decision after hearing.

### LAW OF CONTEMPT

Contempt of court in Delaware has been codified under the Criminal Code. In particular,

A person is guilty of criminal contempt when he engages in the following conduct:

(1) Disorderly, contemptuous or insolent behavior, committed during the sitting of a court, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority; or

(2) Breach of the peace, noise or other disturbance directly tending to interrupt a court's proceedings; or

(3) Intentional disobedience or resistance to the process, injunction or other mandate of a court; or....

Violation of 11 *Del.C.* § 1271(1) may be punished in a summary fashion. 11 *Del.C.* § 1272. The statute reads:

A person who commits criminal contempt as defined by § 1271(1) of this title may in the discretion of the court be convicted and sentenced for that offense without further criminal proceedings during or immediately after the termination of the proceeding in which the act constituting criminal contempt occurred.

11 *Del.C.* § 1272.

Petitioner challenges his conviction and sentence on several grounds. First, he alleges denial of his due process rights based upon his lack of counsel and inability to cross-examine witnesses at a hearing held by the court-below. Second, he alleges

**758**

that the court-below lacked jurisdiction to conduct a summary proceeding on his actions since they occurred outside the presence of the court. Third, he alleges that the court-below failed to follow its own procedures as codified at Court of Common Pleas Rule 42(a)[1].

## DISCUSSION

■ In reviewing the record produced in the court-below, it is clear that petitioner engaged in conduct that was appropriate for summary proceedings for contempt of court pursuant to 11 *Del.C.* § 1271(1). Chanting and shouting in the courtroom is the exact type of conduct which the statute prohibits. The trial court, in an admirable show of judicial restraint, acted only against the most vocal (and purported leader) of this group of demonstrators for this conduct.

In enforcing the court's legitimate order in this regard, a bailiff was obstructed outside of the courtroom by petitioner. This clearly would constitute conduct falling under the provisions of 11 *Del.C.* §§ 1271(2) or (3). Since it did not occur in the "immediate view and presence" of the court, it would not likely fall within the provisions of 11 *Del.C.* § 1271(1), had it occurred alone. In this case, the conduct was but a part of the conduct, and arose directly from the conduct, which occurred in court and, thus, might have been subject to punishment under 11 *Del.C.* § 1271(1) as part of a continuing contempt.

■ In this case, however, it is clear that a criminal hearing was held and evidence taken with respect to the out-of-court actions of petitioner. The court, in announcing its findings, stated in particular:

As far as I'm concerned, I'm satisfied that you definitely are in contempt, and you're in contempt because you have no right to lay a hand on that officer.
*In the Matter of Victor McDavis,* C.C.P.N.C.Co., (Tr. at 19).

The Court, as manifested in its decision and other comments during the course of the contempt proceeding, was most concerned about the physical violence to a court officer. This is a valid concern. It is a most serious offense to physically obstruct an officer of the court carrying out the court's mandate.

The trial court, in entering the murky and confusing area of law surrounding the summary contempt power, acted in obvious good faith to support its order and to protect its court officers from impermissible interference and abuse.

This Court notes, however, that the underlying principles of law that allow summary punishment of contempt committed in view of the court are based upon the fact that the court itself has observed the conduct in question. In this case, that was not so, the bailiff was obstructed outside the courtroom and a hearing was held to establish for the court the relevant factual basis. Once a proceeding[2] is necessary for the court to determine the facts, then defendant's due process rights require the opportunity to have access to counsel and to cross-examine witnesses.[3]

The petitioner, being denied the opportunity to have counsel and to cross-examine witnesses at a criminal evidentiary hearing, has shown adequate reason for the Writ of Habeas Corpus to issue.

The petitioner is ordered DISCHARGED.

1. **Summary Disposition.** A criminal contempt may be punished summarily if the Judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the Court. The order of contempt shall recite the facts and shall be signed by the Judge and entered of record.
   Court of Common Pleas Rule 42(a).

2. 11 *Del.C.* § 1272 requires that summary punishment be imposed before the termination of the underlying proceeding or immediately after. Here, the regular calendar was concluded and then an evidentiary hearing on contempt was held.

3. Nothing in this opinion should be construed as prohibiting petitioner's prosecution for the acts alleged to have occurred outside of the Court of Common Pleas.